NUNN v. VEALE.

(Court of Civil Appeals of Texas.  Amarillo.
Oct. 26, 1912.  Rehearing Denied
Nov. 9, 1912.)

ATTORNEY AND CLIENT (§ 167*)—ACTION FOR
SERVICES—RESCISSION OF CONTRACT.

In an attorney's action for services ren-
dered, evidence *held* to make it a jury question
whether the parties did not mutually rescind
the contract of employment.

[Ed. Note.—For other cases, see Attorney and
Client, Cent. Dig. §§ 373–375; Dec. Dig. §
167.*]

Appeal from Potter County Court; W. M.
Jeter, Judge.

Action by John W. Veale against J. E.
Nunn.  From a judgment for plaintiff, de-
fendant appeals.  Reversed and remanded.

See, also, 149 S. W. 758.

Reeder & Dooley and Ben H. Stone, all
of Amarillo, for appellant.  Cooper, Merrill
& Lumpkin, of Amarillo, for appellee.

PRESLER, J.  Appellee filed this suit in
the county court of Potter county to recover
of appellant $529.50 alleged to be due him as
attorney's fees for certain services and in-
cidental expenses rendered by appellee.

The court peremptorily instructed the jury
to return a verdict in appellee's favor for
the full amount claimed under the contract,
together with $29.50, incidental expenses,
incurred by appellee in his capacity as attor-
ney for appellant.  The issues raised by the
pleading are briefly: (1) That appellee neg-
lected the matter in which he was employ-
ed; (2) that appellee abandoned the services
of defendant without just cause; (3) that he
rendered no services of any value; and (4)
that the contract of employment was set
aside by mutual agreement.

It is not proper for us to discuss in detail
the evidence, but, in view of another trial, it
is our duty to state that the court did not
err in refusing to submit to the jury for
their consideration the first three issues men-
tioned above.  There is no testimony what-
ever showing that appellee neglected the
business of appellant or that he abandoned
the service, or that his services were of no
value.  Upon the last issue the record dis-
closes, amongst other facts, this testimony:
On February 2, 1911, appellee wrote appel-
lant a letter, wherein he made the following
statements: "Now Dr., there is just simply
this about it: Unless you are willing to be
governed by my judgment and to respond to
calls made on you for information and con-
ference, I see no use in continuing the rela-
tion. * * * Now, it may be possible, Dr.,
if not altogether probable, that you can find
somebody to take charge of this matter with
whom you can deal more satisfactorily than
myself, * * * and I am perfectly willing
that you should do so.  In fact, if it is nec-
essary to have to beg you to come in response
to the calls I have been earnestly making,
the relationship will be unsatisfactory to
both you and myself."  The record further
discloses that on February 4th appellant re-
plied to this letter, quoting the above state-
ments, and added: "As stated above, I great-
ly regret the existing state of the case but I
am persuaded that on account of your con-
tinued absence and the likelihood of further
complication, it is better that a change be
made.  Therefore I accept your proposition
and release you from your contract to repre-
sent me in this case," etc.  In our opinion
this testimony was sufficient to require the
submission of the issue of mutual rescission
of the contract of employment to the jury.

The remaining assignments of error com-
plain of the action of the court in refusing
special charges upon the questions of aban-
donment, neglect, and value of services, and,
since the evidence was not sufficient to war-
rant the submission of those issues to the
jury, as hereinbefore stated, the remaining
assignments are overruled.

For the error in peremptorily instructing
the jury and refusing to submit the issue of
mutual rescission, the judgment is reversed
and the cause remanded.

GRAHAM, C. J., not sitting.